RCC

FILED
FEBRUARY 22, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 1120**

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | : : : : | |
| Plaintiff, | : : | Civil Action No.: |
| v. | : : : | **JUDGE CASTILLO** <br> **MAGISTRATE JUDGE DENLOW** |
| ALVIN KIEHL, as Trustee of the Verla K. Regnery Irrevocable Trust, dated December 15, 1987, THOMAS WALLERICH as Successor Trustee of the Verla K. Regnery Irrevocable Trust, dated December 15, 1987, FREDERICK REGNERY, LYNN REGNERY and GRETCHEN WALLERICH, | : : : : : : : : : | |
| Defendants. | : : | |

## INTERPLEADER COMPLAINT

Plaintiff, The Prudential Insurance Company of America (hereinafter, "Prudential"), a corporation of the State of New Jersey, with its principal place of business located therein at 751 Broad Street, Newark, New Jersey, by way of Complaint in Interpleader says:

## THE PARTIES

1. Prudential is an insurance company organized and existing under the laws of the State of New Jersey with its principal place of business in Newark, New Jersey. Prudential is a citizen of the State of New Jersey.

2. Defendant Alvin Kiehl, upon information and belief, resides at 7958 S. Garfield, Burr Ridge, Illinois, and is the brother of Verla K. Regnery (hereinafter the "Deceased"). Kiehl is a citizen of the State of Illinois. Kiehl served as the Trustee of the Verla K. Regnery Irrevocable Trust dated December 15, 1987 (hereinafter the "Trust"). The Trust was the primary

1-CH/206282.1

beneficiary of the proceeds of Prudential individual Estate Select 200 life insurance policy no. 76-540-275 (hereinafter the "Policy").

3. Defendant Thomas Wallerich, upon information and belief, resides at 125 Oakdale Avenue, Mill Valley, California, and, upon information and belief, is the son-in-law of the Deceased. Wallerich is a citizen of the State of California. Upon information and belief, Wallerich is the Successor Trustee of the Trust. The Trust was the primary beneficiary of the proceeds of the Policy.

4. Defendant Gretchen Wallerich, upon information and belief, resides at 125 Oakdale Avenue, Mill Valley, California, and is the daughter of the Deceased. She is a citizen of the State of California.

5. Defendant Lynn Regnery, upon information and belief, resides at 98 Tall Oaks Drive, Castle Hayne, North Carolina, and is the daughter of the Deceased. She is a citizen of the State of North Carolina.

6. Frederick Regnery, upon information and belief, resides at 2390 Lake Shore Road, Fennville, MI, and is the son of the Deceased. He is a citizen of the State of Michigan.

## JURISDICTION AND VENUE

7. This is an action for interpleader pursuant to the Federal Interpleader Act, 28 U.S.C. §1335. This Court has jurisdiction over the subject matter of this interpleader action under 28 U.S.C. §1335, because there is diversity of citizenship among adverse claimants within the meaning of 28 U.S.C. §1332, and because Prudential has in is custody proceeds on a life insurance policy in the amount of $500.00 or more.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1397 as at least one of the claimants resides in this district.

9. The matter in controversy is the subject of an action filed on or about February

20, 2008, by Thomas Wallerich as Successor Trustee of the Trust, in Probate Court in the Superior Court of California, County of Marin, Case No. PR 080727 (hereinafter, the Probate Court Action). The action is styled, <u>In re: The Verla K. Regnery Irrevocable Trust</u>, and the petition filed is entitled, *Petition For Court Order Directing Payment to Trustee of Proceeds of Life Insurance Policy*. Prudential is not named as a defendant in the action. Prudential has not been served pursuant to California Code of Civil Procedure §410.10 *et seq*.

## FACTS SUPPORTING INTERPLEADER

10. Prudential issued the Policy, no. 76-540-275, to the Deceased.

11. At the time of her death, the Deceased was insured under the Policy in the amount of $3,099,699.18.

12. On November 2, 2007, the Deceased died as a result of debility and Alzheimer's disease. A true and correct copy of a Certificate of Death is attached hereto as **Exhibit A**.

13. As a result of the death of the Deceased, the full amount of benefits under the Policy, $3,099,699.18, is due and payable to the appropriate principal beneficiary or beneficiaries, and liability is conceded to that effect.

14. Upon information and belief, on December 15, 1987, the Deceased created the Trust, naming Alvin Kiehl as Trustee. A true and correct copy of the Trust instrument is attached hereto as **Exhibit B**.

15. Upon information and belief, on or about January 13, 1988, the Deceased completed an Application for Life Insurance naming as beneficiary Alvin Kiehl as Trustee of the Trust. A true and correct copy of the Application is attached hereto as **Exhibit C**.

16. Upon information and belief, on November 10, 2006, Alvin Kiehl resigned as Trustee of the Trust and appointed Thomas Wallerich as Successor Trustee. A true and correct copy of the resignation letter is attached hereto as **Exhibit D**.

17. Upon information and belief, on September 28, 2007, Alvin Kiehl mailed a letter to Prudential stating he served as Trustee when addressing a matter concerning certain common stocks held by the Trust. This communication was dispatched after his November 10, 2006 letter resigning as Trustee of the Trust. A true and correct copy of the letter is attached hereto as **Exhibit E**.

18. Upon information and belief, in late 1997, Frederick Regnery began contacting the insurance agent that originally sold the Policy to Verla K. Regnery, by U.S. mail and electronic mail, expressing his concerns that Alvin Kiehl was fraudulently induced by Gretchen and Thomas Wallerich and Lynn Regnery, to resign as Trustee and, in fact, remained Trustee of the Trust. He also alleged that Verla K. Regnery was a victim of elder abuse. Fredrick Regnery stated that he would instruct Prudential to withhold payment of the policy proceeds to Thomas Wallerich.

19. On or about November 14, 2007, the insurance agent forwarded the communications from Frederick Regnery to Prudential. A true and correct copy of the letter and attachments are attached hereto as **Exhibit F**.

20. On or about November 29, 2007, Frederick Regnery contacted Prudential by letter, stating, among other things, that he would hold Prudential accountable if the Policy proceeds were paid out to the Thomas Wallerich. A true and correct copy of the letter and attachments are attached hereto as **Exhibit G**.

21. On or about December 31, 2007, Frederick Regnery contacted Prudential by letter describing how he believed the claim should be paid out by Prudential to escape any liability. A true and correct copy of the letter and attachments are attached hereto as **Exhibit H**.

22. Upon information and belief, Frederick Regnery continues to dispute the

legitimacy of the transfer of the Trustee position and duties from Alvin Kiehl to Thomas Wallerich, and objects to the proceeds being paid to Thomas Wallerich .

23. Prudential has been informed that defendants Alvin Kiehl, Thomas Wallerich, Gretchen Wallerich, Lynn Regnery, and Fredrick Regnery claim or may claim entitlement to conflicting amounts of benefits under the Policy, and have requested payment thereof.

24. Prudential claims no title to, or interest in, the life insurance benefits payable under the Policy on account of the death of the Deceased, and is ready and willing to pay the proceeds to the person or persons entitled to it, but Prudential is unable to make that determination without exposing itself to double or multiple liability on account of the competing claims made by the Defendants.

25. Prudential is ready, willing, and hereby offers to deposit the proceeds of the Policy in the amount of $3,099,699.18, and accrued interest, if any, into the Court, or with a person duly authorized by the Court to receive it.

26. Prudential has no means other than this action to protect itself against the claims made by the Defendants to the benefits payable under the Policy.

**WHEREFORE**, Prudential requests that the Court enter judgment:

A. Directing Prudential to pay the sum of $3,099,699.18 together with accrued interest, if any, into this Court;

B. Directing the Defendants to interplead their rights to such sum;

C. Restraining the Defendants, and each of them, from instituting or prosecuting any action against Prudential, including the Probate Action, to recover such sum;

D. Discharging Prudential from all liability to the Defendants arising out of the matters herein set forth upon payment of the sum of $3,099,699.18 with

1-CH/206282.1

accrued interest, if any, into this Court;

E. Entering an Order awarding Prudential payment of its reasonable attorneys' fees and costs necessitated by the bringing of this action; and

F. For such other and further relief as this Court deems proper.

Dated: February 22, 2008

Respectfully submitted,

_____/s/ Steven M. Malina_____
One of the Attorneys for Attorneys for Defendant
The Prudential Insurance Company of America

Steven M. Malina, Esq.
Mitchell K. Rovner, Esq.
Morgan, Lewis & Bockius LLP
77 West Wacker Drive, 5th Floor
Chicago, Illinois 60606
Tel: (312) 324-1000
Fax: (312) 324.1001

1-CH/206282.1