## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHEASTERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: 08 C 1120 |
| v. | ) ) ) | Judge Castillo |
| ALVIN KIEHL, as Trustee of the Verla K.<br>Regnery Irrevocable Trust, dated<br>December 15, 1987, THOMAS WALLERICH<br>as Successor Trustee of the Verla K. Regnery<br>Irrevocable Trust, dated December 15, 1987,<br>FREDERICK REGNERY, LYNN REGNERY<br>and GRETCHEN WALLERICH, | ) ) ) ) ) ) ) ) | Magistrate Judge Denlow |
| Defendants. | ) ) | |

## ANSWER OF DEFENDANTS THOMAS WALLERICH, LYNN REGNERY, AND GRETCHEN WALLERICH TO THE INTERPLEADER COMPLAINT OF THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

Defendants Thomas Wallerich, not individually, but as Trustee of the Verla K.

Regnery Irrevocable Trust, Lynn Regnery, and Gretchen Wallerich (collectively "Defendants"),

by and through their attorneys, answer the Interpleader Complaint filed by The Prudential

Insurance Company of America ("Prudential") as follows:

### THE PARTIES

1.     Prudential is an insurance company organized and existing under the laws
of the State of New Jersey with its principal place of business in Newark, New Jersey.
Prudential is a citizen of the State of New Jersey.

**ANSWER:**   Defendants lack knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations of Paragraph 1.

2.     Defendant Alvin Kiehl, upon information and belief, resides at 7958 S.
Garfield, Burr Ridge, Illinois, and is the brother of Verla K. Regnery (hereinafter the
"Deceased"). Kiehl is a citizen of the State of Illinois. Kiehl served as the Trustee of the Verla
K. Regnery Irrevocable Trust dated December 15, 1987 (hereinafter the "Trust"). The Trust was

the primary beneficiary of the proceeds of Prudential individual Estate Select 200 life insurance policy no. 76-540-275 (hereinafter the "Policy").

    **ANSWER:**   With respect to sentence 1 of Paragraph 2, Defendants state, upon information and belief, that Alvin Kiehl recently passed away. Answering further, Defendants admit that Alvin Kiehl was the brother of Verla K. Regnery and that prior to his death he resided at 7958 S. Garfield, Burr Ridge, Illinois. Defendants admit the remaining allegations of Paragraph 2.

    3.    Defendant Thomas Wallerich, upon information and belief, resides at 125 Oakdale Avenue, Mill Valley, California, and upon information and belief, is the son-in-law of the Deceased. Wallerich is a citizen of the State of California. Upon information and belief, Wallerich is the Successor Trustee of the Trust. The Trust was the primary beneficiary of the proceeds of the policy.

    **ANSWER:**   Defendants deny the allegations of the first two sentences of Paragraph 3 and admit the remaining allegations of Paragraph 3. Answering further, Defendants state that at all relevant times hereto, Defendant Thomas Wallerich resided at 125 Oakdale Avenue, Mill Valley, California, was the son-in-law of the Deceased, and was a citizen of the State of California.

    4.    Defendant Gretchen Wallerich, upon information and belief, resides at 125 Oakdale Avenue, Mill Valley, California, and is the daughter of the Deceased. She is a citizen of the State of California.

    **ANSWER:**   Defendants admit the allegations of Paragraph 4.

    5.    Defendant Lynn Regnery, upon information and belief, resides at 98 Tall Oaks Drive, Castle Hayne, North Carolina, and is the daughter of the Deceased. She is a citizen of the State of North Carolina.

    **ANSWER:**   Defendants admit the allegations of Paragraph 5.

    6.    Frederick Regnery, upon information and belief, resides at 2390 Lake Shore Road, Fennville, MI, and is the son of the Deceased. He is a citizen of the State of Michigan.

    **ANSWER:**   Defendants admit the allegations of Paragraph 6.

7.    This is an action for interpleader pursuant to the Federal Interpleader Act, 28 U.S.C. §1335.  This Court has jurisdiction over the subject matter of this interpleader action under 28 U.S.C. §1335, because there is diversity of citizenship among adverse claimants within the meaning of 28 U.S.C. §1332, and because Prudential has in is [sic] custody proceeds on a life insurance policy in the amount of $500.00 or more.

**ANSWER:**    Defendants do not contest jurisdiction in this Court, and therefore,

admit the allegations of Paragraph 7.

8.    Venue is proper in this district pursuant to 28 U. S. C. §1397 as at least one of the claimants resides in this district.

**ANSWER:**    Defendants do not contest venue in this district, and therefore,

admit the allegations of Paragraph 8.

9.    The matter in controversy is the subject of an action filed on or about February 20, 2008, by Thomas Wallerich as Successor Trustee of the Trust, in Probate Court in the Superior Court of California, County of Marin, Case No. PR 080727 (hereinafter the "Probate Court Action").  The action is styled, In re: The Verla K. Regnery Irrevocable Trust, and the petition filed is entitled, *Petition for Court Order Directing Payment to Trustee of Proceeds of Life Insurance Policy*.  Prudential is not named as a defendant in the action. Prudential has not been served pursuant to California Code of Civil Procedure §410.10 *et seq.*

**ANSWER:**    Defendants admit the allegations of Paragraph 9.

10.    Prudential issued the Policy, No. 76-540-275, to the Deceased.

**ANSWER:**    Defendants admit the allegations of Paragraph 10.

11.    At the time of her death, the Deceased was insured under the Policy in the amount of $3,099,699.18.

**ANSWER:**    Defendants admit the allegations of Paragraph 11.

12.    On November 2, 2007, the Deceased died as a result of debility and Alzheimer's disease.  A true and correct copy of a Certificate of Death is attached hereto as **Exhibit A.**

**ANSWER:**    Defendants admit the allegations of Paragraph 12.

13.    As a result of the death of the Deceased, the full amount of benefits under the Policy, $3,099,699.18, is due and payable to the appropriate principal beneficiary or beneficiaries, and liability is conceded to that effect.

**ANSWER:**    Defendants admit the allegations of Paragraph 13.

3

14.     Upon information and belief, on December 15, 1987, the Deceased created the Trust, naming Alvin Kiehl as Trustee. A true and correct copy of the Trust instrument is attached hereto as **Exhibit B**.

**ANSWER:**     Defendants admit the allegations of Paragraph 14.

15.     Upon information and belief, on or about January 13, 1988, the Deceased completed an Application for Life Insurance naming as beneficiary Alvin Kiehl as Trustee of the Trust. A true and correct copy of the Application is attached hereto as **Exhibit C**.

**ANSWER:**     Defendants admit the allegations of Paragraph 15.

16.     Upon information and belief, on November 10, 2006, Alvin Kiehl resigned as Trustee of the Trust and appointed Thomas Wallerich as Successor Trustee. A true and correct copy of the resignation letter is attached hereto as **Exhibit D**.

**ANSWER:**     Defendants admit the allegations of Paragraph 16.

17.     Upon information and belief, on September 28, 2007, Alvin Kiehl mailed a letter to Prudential stating he served as Trustee when addressing a matter concerning certain common stocks held by the Trust. This communication was dispatched after his November 10, 2006 letter resigning as Trustee of the Trust. A true and correct copy of the letter is attached hereto as **Exhibit E**.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 17.

18.     Upon information and belief, in late 1997, Frederick Regnery began contacting the insurance agent that originally sold the Policy to Verla K. Regnery, by U.S. mail and electronic mail, expressing his concerns that Alvin Kiehl was fraudulently induced by Gretchen and Thomas Wallerich and Lynn Regnery, to resign as Trustee and, in fact, remained Trustee of the Trust. He also alleged that Verla K. Regnery was a victim of elder abuse. Frederick Regnery stated that he would instruct Prudential to withhold payment of the policy proceeds to Thomas Wallerich.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 18.

19.     On or about November 14, 2007, the insurance agent forwarded the communications from Frederick Regnery to Prudential. A true and correct copy of the letter and attachments are attached hereto as **Exhibit F**.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 19.

20.     On or about November 29, 2007, Frederick Regenery contacted Prudential by letter, stating, among other things, that he would hold Prudential accountable if the Policy proceeds were paid out to the Thomas Wallerich. A true and correct copy of the letter and attachments are attached hereto as **Exhibit G**.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 20.

21.     On or about December 31, 2007, Frederick Regnery contacted Prudential by letter describing how he believed the claim should be paid out by Prudential to escape any liability. A true and correct copy of the letter and attachments are attached hereto as **Exhibit H**.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 21.

22.     Upon information and belief, Frederick Regnery continues to dispute the legitimacy of the transfer of the Trustee position and duties from Alvin Kiehl to Thomas Wallerich, and objects to the proceeds being paid to Thomas Wallerich

**ANSWER:** Defendants admit the allegations of Paragraph 22.

23.     Prudential has been informed that defendants Alvin Kiehl, Thomas Wallerich, Gretchen Wallerich, Lynn Regnery, and Fredrick Regnery claim or may claim entitlement to conflicting amounts of benefits under the Policy, and have requested payment thereof.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 23 regarding what "Prudential has been informed." Answering further, Defendants state that Thomas Wallerich is the Trustee of the Verla K. Regnery Irrevocable Trust, and as such, is entitled to the benefits of the Policy pursuant to the Policy's beneficiary designation.

24.     Prudential claims no title to, or interest in, the life insurance benefits payable under the Policy on account of the death of the Deceased, and is ready and willing to pay the proceeds to the person or persons entitled to it, but Prudential is unable to make that determination without exposing itself to double or multiple liability on account of the competing claims made by the Defendants.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 24.

25.     Prudential is ready, willing, and hereby offers to deposit the proceeds of the Policy in the amount of $3,099,699.18, and accrued interest, if any, into the Court, or with a person duly authorized by the Court to receive it.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 25.

26.     Prudential has no means other than this action to protect itself against the claims made by the Defendants to the benefits payable under the Policy.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 26.

Respectfully submitted,

By:     s/Patricia M. Petrowski
One of Their Attorneys

James W. Hitzeman
Patricia M. Petrowski
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7152

Dated:  June 4, 2008

## CERTIFICATE OF SERVICE

Patricia M. Petrowski, an attorney, hereby certifies that she caused a true and correct copy of the foregoing **ANSWER OF DEFENDANTS THOMAS WALLERICH, LYNN REGNERY, AND GRETCHEN WALLERICH TO THE INTERPLEADER COMPLAINT OF THE PRUDENTIAL INSURANCE COMPANY OF AMERICA** to be served upon counsel listed below electronically through the Court's CM/ECF system and by first-class U.S. Mail delivery on this 4th day of June, 2008:

Mitchell K. Rovner
Morgan, Lewis & Bockius LLP
77 W. Wacker Drive, 5th Floor
Chicago, IL 60601

Edward J. Sedlacek
Huck Bouma PC
1755 S. Naperville Road, Suite 200
Wheaton, IL 60187-8144

By:    s/Patricia M. Petrowski
One of Their Attorneys