## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) |
| | ) Civil Action No.: 08 C 1120 |
| v. | ) |
| | ) Judge Castillo |
| ALVIN KIEHL, as Trustee of the Verla K. Regnery Irrevocable Trust, dated December 15, 1987, THOMAS WALLERICH as Successor Trustee of the Verla K. Regnery Irrevocable Trust, dated December 15, 1987, FREDERICK REGNERY, LYNN REGNERY and GRETCHEN WALLERICH, | ) Magistrate Judge Denlow ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

#### Introduction

This dispute is the result of an Interpleader Complaint that The Prudential Insurance Company of America ("Prudential") filed against defendants Thomas Wallerich, as Trustee (the "Trustee") of the Verla K. Regnery Irrevocable Trust, dated December 15, 1987 (the "Trust"), Lynn Regnery, Gretchen Wallerich, and Frederick Regnery. The gravamen of the Interpleader Complaint is a request that the Court determine the appropriate beneficiary or beneficiaries of $3,099,699,18 in proceeds, plus post-death interest, under a life insurance policy on the life of Verla K. Regnery.

Prudential has stated that it claims no title to, or interest in, the life insurance benefits payable under the policy and is ready and willing to pay the proceeds to the person or persons entitled to it, but currently is unable to make that determination without exposing itself to double or multiple liability on account of competing claims made by defendants Thomas

Wallerich as Trustee, Lynn Regnery, Gretchen Wallerich, on the one hand, and Frederick Regnery on the other. Prudential has deposited the insurance proceeds with the Court pending resolution of this dispute. Specifically, Defendants Thomas Wallerich, Lynn Regnery, and Gretchen Wallerich (the "Movants") maintain that pursuant to the governing beneficiary designation, the proceeds under the policy in question should be paid to Mr. Wallerich as Trustee and, after payment of the Trust's administration expenses pursuant to Section 3, A.(7) of Article VIII of the Trust, distributed by Mr. Wallerich in equal shares to a child's trust for each of Frederick Regnery, Lynn Regnery, and Gretchen Wallerich. By contrast, Frederick Regnery disputes Mr. Wallerich's status as Trustee and has argued that the proceeds should not be paid to Mr. Wallerich as Trustee.

The Movants are not at all opposed to a distribution of the proceeds in question directly to the beneficiaries under the Trust, subject to the payment of administration expenses, including fees incurred by the Trustee in this litigation, and the release of the Trustee. Overtures to that effect have not yet been successful. It is unclear whether Mr. Regnery believes that he should get all of the funds in question, or that administration expenses should not be allocated to his share, or that some other form of relief is appropriate. This motion is necessary in order to propel this case toward a conclusion.

As things stand then, the threshold issue in the instant litigation – whether Mr. Wallerich is the trustee of the Trust to whom the policy proceeds should be paid – is identical to an issue that was very recently decided by the Superior Court of Marin County, California. On May 12, 2008, the Superior Court of California in Marin County entered an Order (1) confirming Mr. Wallerich's appointment as Trustee of the Trust on November 10, 2006, (2) approving the First Account and Report of Trustee as filed, and (3) approving, confirming, and ratifying all acts

and transactions of the Trustee as set forth in the Account and Report as filed. The Marin County Court's conclusion confirming Mr. Wallerich as the Trustee of the Trust forecloses Mr. Regnery from arguing otherwise here. Mr. Regnery is thus barred by the doctrine of collateral estoppel from re-litigating this issue in this Court. By this motion, Movants ask the Court to give full faith and credit to the judgment of a parallel state court proceeding in California filed by Thomas Wallerich as Trustee of the Trust prior to the time that the Interpleader Complaint was filed.

### Statement of Facts[1]

On or about December 15, 1987, Verla K. Regnery ("Verla") created the Trust. (See SMF, ¶ 9) Pursuant to the Trust, Alvin Kiehl was designated to be and did serve as the initial trustee. (See SMF, ¶ 10) Effective November 10, 2006, Mr. Kiehl resigned as trustee of the Trust and appointed Thomas Wallerich as successor trustee. (See SMF, ¶ 11) Mr. Thomas accepted the appointment as successor trustee on that date. (See SMF, ¶ 12)

The Trust provides that upon Verla's death, the Trustee is required to divide the assets of the Trust, including insurance proceeds collected, into equal shares creating a "Child's Trust" for the benefit of each of Verla's children and their respective descendants. (See SMF, ¶ 13) The Trust names each of Verla's children as the trustee of the Child's Trust to be created following Verla's death for the benefit of the child and his or her descendants. (Id.)

On or about January 13, 1988 Alvin Kiehl, as trustee of the Trust, completed an Application for Life Insurance, naming himself, in his capacity as trustee of the Trust, as beneficiary. (See SMF, ¶ 14) Prudential issued a life insurance policy on the life of Verla K.

---

[1] References to Defendants' Statement of Material Facts, submitted in support of this motion under Local Rule 56.1, shall be in the form "SMF."

Regnery, policy no. 76-540-275 (the "Policy") to Alvin Kiehl, as trustee. (See SMF, ¶ 15) On November 2, 2007, Verla died. (See SMF, ¶ 16) At the time of her death, Verla was insured under the Policy in the amount of $3,099,699.18. (See SMF, ¶ 17) As a result of Verla's death, the Policy proceeds, and all post-death interest, are due and payable to the trustee of the Trust in accordance with the beneficiary designation. (See SMF, ¶ 18)

Frederick Regnery has, however, challenged the efficacy of Alvin Kiehl's appointment of Thomas Wallerich as successor trustee and has objected to the Policy proceeds being paid to Thomas Wallerich as Trustee, and apparently objects to the payment of administration expenses from the Trust and to the equal distribution of the Policy proceeds to the respective Child's Trusts. (See SMF, ¶ 19)

Accordingly, on February 22, 2008, Prudential filed the instant interpleader action against defendants Alvin Kiehl, Thomas Wallerich, as Trustee of the Trust, Lynn Regnery, Gretchen Wallerich, and Frederick Regnery, and on March 10, 2008, in accordance with the order of this Court entered on February 28, 2008, paid over to the Clerk of the Court the sum of $3,136,483.31 representing the Policy proceeds plus interest accrued through the date of the deposit. Prudential requests that this Court enter judgment that, among other things, directs the defendants to interplead their rights to the Policy proceeds, plus the interest paid by Prudential and the accrued interest since the date of the deposit so that a determination of ownership can be made. (See SMF, ¶¶ 23, 25)

However, the threshold issue in reaching that determination -- whether Mr. Wallerich is the Trustee of the Trust to whom the Policy proceeds should be paid -- was already decided by the Superior Court in Marin County, California. (See SMF, ¶ 22) There, Thomas

-4-

Wallerich, as Trustee of the Trust, initiated proceedings relative to the administration of the Trust, *In re the Verla K. Regnery Irrevocable Living Trust dated December 15, 1987,* Case No. PR 080727 ("California Superior Court Action"), in which Frederick Regnery filed a general appearance, and on May 12, 2008 the court entered an Order Settling First Account and Report of Trustee and Confirming Trustee (the "California Order").  (See SMF, ¶¶ 20-22)  The California Order (1) confirmed Mr. Wallerich's appointment as Trustee of the Trust on November 10, 2006, (2) approved the First Account and Report of Trustee as filed, and (3) approved, confirmed, and ratified all acts and transactions of the Trustee as set forth in the Account and Report. (See SMF, ¶ 22)  No appeal was taken from the Order and the Order is now final and, under the doctrines of Full Faith and Credit and collateral estoppel, is entitled to recognition and enforcement in this Court. (Id.)

**Argument**

**I.    Summary Judgment Standard**

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also Fed. R. Civ. P. 56. A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Insolia v. Philip Morris, Inc., 216 F.3d 596, 599 (7th Cir. 2000). "Summary judgment is not a remedy to be exercised at the court's option; it must be granted when there is no genuine dispute over a material fact." Anderson v. P.A. Radocy & Sons, Inc., 67 F.3d 619, 621 (7th Cir. 1995). In the instant case, Movants are entitled to judgment in their favor and against Mr.

Regnery because there is no genuine issue of material fact and as a matter of law, the California

Order should be given collateral estoppel effect to preclude Mr. Regnery's challenges to Mr.

Wallerich's status as Trustee, and therefore beneficiary of the Policy proceeds.

## II.     Collateral Estoppel Bars Mr. Regnery's Claim Because It Hinges on an Issue Previously Decided Adversely to Mr. Regnery in the California State Court Action

28 U.S.C. § 1738 provides that the authenticated judicial proceedings of any state

"shall have the same full faith and credit in every court within the United States…as they have

by law or usage in the courts of such state…from which they are taken." To qualify for the full

faith and credit provided under 28 U.S. C. § 1738, state proceedings "need do no more than

satisfy the minimum procedural requirements of the Fourteenth Amendments' Due Process

Clause." *See R & B Group, Inc. v. BCI Burke Co., Inc.*, 982 F.Supp. 549, 554 (N.D. Ill. 1997)

(citing *Krember v. Chemical Construction Corporation*, 456 U.S. 461, 481, 102 S. Ct. 1883,

1897 (1982)).

Moreover, Section 1738 requires federal courts to give the same preclusive effect

to state court judgments that those judgments would be given in the courts of the state in which

the judgments were entered. *See R & B Group, Inc,* 982 F.Supp. at 554 (citing *Krember*, 456

U.S. at 481.). The doctrine of collateral estoppel "precludes relitigation of issues argued and

decided in prior proceedings." *Lucido v. Superior Court*, 51 Cal. 3d 335, 341 (1990). "The

doctrine of collateral estoppel can apply to preclude relitigation of both issues of law and issues

of fact if those issues were conclusively determined in a prior action." *United States. v. Stauffer*

*Chem. Co.,* 464 U.S. 165, 170-71 (1984); *Border Business Park, Inc. v. City of San Diego*, 142

Cal. App. 4th 1538, 1565-1566 (Ct. App. 2006) ("For purposes of issue preclusion, however, an

'issue' includes any legal theory or factual matter which could have been asserted in support of

or in opposition of the issue which was litigated.") (citation omitted). "Congress has specifically required all federal courts to give preclusive effect to state court judgments whenever the courts of the state from which the judgments emerged would do so." *R & B Group, Inc.*, 982 F.Supp. 549 at 554 (citing *Allen v. McCurry,* 449 U.S. 90, 96, 101 S.Ct. 411, 416 (1980). Thus, this Court must look to California law to determine what preclusive effect attaches to the California Order confirming Mr. Wallerich's status as Trustee of the Trust.

Under California law, collateral estoppel precludes the relitigation of an issue if (1) the issue sought to be precluded from relitigation is "identical to that decided in a former proceedings"; (2) the issue was "actually litigated in the former proceeding"; (3) the issue was "necessarily decided in the former proceeding"; (4) the decision in the former proceeding is "final and on the merits"; and (5) the party against whom preclusion is sought is "the same as, or in privity with, the party to the former proceedings." *Lucido v. Superior Court*, 51 Cal. 3d 335, 341 (1990). The California Order confirming Mr. Wallerich's appointment as Trustee of the Trust on November 10, 2006 easily satisfies each element of collateral estoppel under California law.

*First*, the issue before the Court in this action is identical to an issue that the California state court decided in the prior state court litigation: whether Mr. Wallerich is the Trustee of the Trust to whom the Policy proceeds should be paid. In the state court litigation, the court: (1) confirmed Mr. Wallerich's appointment as Trustee of the Trust on November 10, 2006, (2) approved the First Account and Report of Trustee as filed, and (3) approved, confirmed, and ratified all acts and transactions of the Trustee as set forth in the Account and Report as filed. (See SMF, ¶ 22) Here, this Court is being asked to determine the same issue decided by the California state court – namely, the propriety of Mr. Wallerich's appointment as

Trustee of the Trust – and thus, whether the Policy proceeds should be paid to Mr. Wallerich in his capacity as Trustee of the Trust.

*Second*, the issue of whether Mr. Wallerich is the Trustee of the Trust to whom the Policy proceeds should be paid was actually litigated and necessarily decided by the state court. Indeed, in the California proceeding, Mr. Wallerich as Trustee filed a Petition To Confirm Trustee and each of the beneficiaries of the Trust, including defendant Frederick Regnery, were given an opportunity to object to Mr. Wallerich's status as Trustee, but none of them, including Mr. Regnery, who filed a general appearance in the proceedings, did so. (See SMF, ¶¶ 20-21) Moreover, the California court did not merely enter a default judgment in favor of Mr. Wallerich,[2] but rather considered the issues before it and affirmatively ordered that "Thomas Wallerich's appointment as Trustee on November 12, 2006, is hereby confirmed, and Thomas Wallerich is confirmed as the authorized and acting Trustee of the Trust." (See SMF, ¶ 22)

*Third,* the state court's decision is final. Following its order confirming Mr. Wallerich's appointment as Trustee of the Trust and approving all acts and transactions of the Trustee as set forth in the Account and Report, the Marin County Superior court served Notice of Entry of the Order on all parties to the litigation. (Id.) Mr. Regnery never appealed those judgments, and they are now final. (Id.) *See* Cal. Court Rule 8.104. *See Sandoval v. Superior Court*, 140 Cal. App. 3d 932, 936-37 (Cal. Ct. App. 1983) ("Although California law is settled that pending appeal a trial court judgment is not final and will not be given res judicata effect[,]...once the appeal is settled favorably to the plaintiff and thereafter dismissed, the

---

[2] It is worth noting, however, that even a default judgment is capable of full res judicata effect. *See Morris v. Jones*, 329 U.S. 545, 550-51, 67 S. Ct. 451, 455 (1947).

-8-

Restatement analysis and reason itself dictate that the trial court judgment reemerges with sufficient finality to permit the application of collateral estoppel."); *see also Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 928 (9th Cir. 2006) ("Under California law,...a judgment is not final for purposes of res judicata during the pending of and until the resolution of an appeal.'") (quoting *Eichman v. Fotomat Corp.*, 759 F.2d 1434, (9th Cir. 1985) (ellipsis in original).

*Fourth*, and finally, the party against whom preclusion is sought – Mr. Regnery, in his capacity as trustee of the Child's Trust to be created under the Trust for the benefit of him and his descendants – was one of the parties to the California State Court action.  Indeed, Mr. Regnery filed a general appearance in the proceedings.  (<u>See</u> SMF, ¶ 21)

As the state court decision satisfies all of the elements of California collateral estoppel doctrine, the full faith and credit statute requires this Court to accept the preclusive effect of that decision.  This Court should bar Mr. Regnery from re-litigating the issue of whether Mr. Wallerich is the Trustee of the Trust because it was already decided in the state court action.  Because the Trustee is the proper Trustee of the Trust, he is entitled by the terms of the Policy's beneficiary designation to receive the Policy proceeds for distribution in accordance with the terms of the Trust.

## Conclusion

For all of the reasons set forth above and in the Motion for Summary Judgment, the Court should: (1) enter summary judgment in favor of Movants and against Defendant Fred Regnery, (2) direct payment of the sum of $3,099,699.18 together with all post-death interest to Thomas Wallerich as Trustee of the Trust, (3) award all appropriate costs in favor of Movants and against Frederick Regnery, and (4) order any other further relief as the Court deems just.

Respectfully submitted,

By: s/Patricia M. Petrowski
     One of Their Attorneys

James W. Hitzeman
Patricia M. Petrowski
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7152

Dated:  September 12, 2008

## CERTIFICATE OF SERVICE

Kathleen L. Holthaus, an attorney, hereby certifies that she caused a true and correct copy of the foregoing **Memorandum in Support of Motion for Summary Judgment** to be served on those individuals listed below by first-class U.S. Mail delivery on this 12th day of September, 2008.

Mitchell K. Rovner
Morgan, Lewis & Bockius LLP
77 W. Wacker Drive, 5th Floor
Chicago, IL  60601

Steven M. Ruffalo
Fuchs & Roselli, Ltd.
440 West Randolph Street, Suite 500
Chicago, IL  60606

Respectfully submitted,

By: s/Kathleen L. Holthaus _____

CH1 4399830v.1