**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ALVIN KIEHL, as Trustee of the Verla K. Regnery Irrevocable Trust, dated December 15, 1987, THOMAS WALLERICH as Successor Trustee of the Verla K. Regnery Irrevocable Trust, dated December 15, 1987, FREDERICK REGNERY, LYNN REGNERY and GRETCHEN WALLERICH, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No.: 08 C 1120 <br> ) <br> ) Judge Castillo <br> ) Magistrate Judge Denlow <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**LOCAL RULE 56.1 STATEMENT OF DEFENDANTS THOMAS
WALLERICH, LYNN REGNERY, AND GRETCHEN WALLERICH
IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1, Thomas Wallerich, as Successor Trustee ("Trustee") of the Verla K. Regnery Irrevocable Trust, dated December 15, 1987 (the "Trust"), Lynn Regnery, and Gretchen Wallerich (collectively "Defendants"), hereby submit this statement of material facts as to which there is no genuine issue and that entitle to judgment as a matter of law.

**THE PARTIES**

1.      Plaintiff The Prudential Insurance Company of America ("Prudential") is an insurance company organized and existing under the law of the State of New Jersey and with its principal place of business in Newark, New Jersey. (Cmplt., par. 1)

2.     Defendant Alvin Kiehl recently passed away.  He was the brother of Verla K. Regnery ("Deceased") and prior to his death resided at 7958 S. Garfield, Burr Ridge, Illinois. Kiehl also served as the Trustee of the Trust. (Answer, par. 2; Cmplt., par. 2)

3.     At all relevant times, Defendant Thomas Wallerich resided at 125 Oakdale Avenue, Mill Valley, California.  Mr. Wallerich is the current acting Trustee of the Trust, is the former husband of Gretchen Wallerich, and is the former son-in-law of the Deceased.  (Answer, par. 3; Cmplt. par. 3; Ex. H, Cmplt.)

4.     Defendant Gretchen Wallerich resides at 125 Oakdale Avenue, Mill Valley, California, is the daughter of the Deceased, and, in her capacity as the designated trustee of the Gretchen Wallerich Trust, a subtrust of the Trust to be funded pursuant to the terms of the Trust with one-third (1/3) of the Trust residue for the benefit of Gretchen and her descendants, is a beneficiary of the Trust. (Cmplt., par. 4; Ex. B, Cmplt.)

5.     Defendant Lynn Regnery resides at 98 Tall Oaks Drive, Castle Hayne, North Carolina, is the daughter of the Deceased, and, in her capacity as the designated trustee of the Lynn Regnery Trust, a subtrust of the Trust to be funded pursuant to the terms of the Trust with one-third (1/3) of the Trust residue for the benefit of Lynn and her descendants, is a beneficiary of the Trust. (Cmplt., par. 5; Ex. B, Cmplt.)

6.     Defendant Frederick Regnery resides at 427 Monticello Avenue, Westmont, Illinois 60559, is the son of the Deceased, and, in his capacity as the designated trustee of the Frederick W. Regnery Trust, a subtrust of the Trust to be funded pursuant to the terms of the Trust with one-third (1/3) of the Trust residue for the benefit of Fred and his descendants, is a beneficiary of the Trust. (Cmplt., par. 6; Ex. B, Cmplt.)

-2-

## JURISDICTION AND VENUE

7.    Jurisdiction over the subject matter of this interpleader action is proper under 28 U.S.C. § 1335, as well as under 28 U.S.C. § 1332, because there is diversity of citizenship among adverse claimants and because the matter in controversy exceeds the sum of $75,000.  (Cmplt., par. 7)

8.    Venue is proper pursuant to 28 U.S.C. § 1397.  (Cmplt., par. 8)

## OTHER UNDISPUTED MATERIAL FACTS

A.    **The Trust**

9.    On or about December 15, 1987, Verla K. Regnery ("Verla") executed the Trust.  (Ex. B, Cmplt., par. 14)

10.    Pursuant to the Trust, Alvin Kiehl was designated to be and did serve as the initial trustee.  (See Ex. B, Cmplt., par. 14, par. 16)

11.    Effective November 10, 2006, Alvin Kiehl resigned as trustee of the Trust and appointed Thomas Wallerich as successor trustee.  (Ex. D, Cmplt., par. 16; Order of the Superior Court of California Settling First Account and Report of Trustee and Confirming Trustee ("California Order"), par. B, attached hereto as Exhibit A)

12.    From November 10, 2006 through the present time, Mr. Wallerich has caused the Trust to be administered in Marin County, California, which remains the situs for the administration of the Trust. (See California Order, par. B, par. D, par. F, attached hereto as Exhibit A)

13.    The Trust provides that upon Verla's death, the trustee is required to divide the assets of the Trust, including insurance proceeds collected, into equal shares to be held in a "Child's Trust," one for the benefit of each of Verla's children and their respective descendants. The Trust designates each of Verla's children as the Trustee of the Child's Trust to be funded following Verla's death for such child and his or her respective descendants. (Ex. B, Cmplt.)

**B.    Insurance Policy**

14.    On or about January 13, 1988 Alvin Kiehl as Trustee of the Trust completed an Application for Life Insurance (the "Application") naming as beneficiary Alvin Kiehl as Trustee of the Trust. (Ex. C, Cmplt.)

15.    Prudential issued policy no. 76-540-275 (the "Policy") to Mr. Kiehl, as Trustee. (Ex. C, Cmplt.) Prudential's Complaint erroneously states that the Policy was issued to the decedent, but it is evident from the Application, attached as Exhibit C to the Complaint, that the owner of the Policy is the Trustee of the Trust.

16.    On November 2, 2007, Verla, a resident of Marin County, California, died in Marin County. (Ex. A, Cmplt.)

17.    At the time of her death, Verla was insured under the Policy in the amount of $3,099,699.18. (Cmplt., par. 11)

18.    As a result of Verla's death, the full amount of the Policy proceeds, $3,099,699.18, is due and payable to the primary beneficiary of the Policy, namely, the trustee of the Trust. (Cmplt., par. 13)

-4-

**C.    Challenges to Trustee**

19.    Both prior to and since the date of the Deceased's death, Frederick

Regnery has asserted a number of challenges relative to the Trust. Although none of these

challenges are set forth in Mr. Regnery's answer to Prudential's interpleader complaint, Mr.

Regnery continues to dispute the efficacy of Alvin Kiehl's appointment of Thomas Wallerich as

successor trustee and objects to the proceeds of the Policy being paid to Thomas Wallerich, as

Trustee. (Cmplt. par. 22; Letter from James W. Hitzeman to Lawrence A. Stein dated 7/10/2008

("Stein letter") at 1, attached hereto as Ex. B; Letter from James W. Hitzeman to Fredrick W.

Regnery dated 8/8/2008 ("Regnery Letter") at 2, attached hereto as Ex. C) In addition, Mr.

Regnery asserts other claims, rights and entitlements, almost all of which have no relationship

whatsoever to the Trust. (See Ex. G-H, Cmplt., par. 18) All of Mr. Regnery's claims or issues

relating to the Trust have been adjudicated and resolved in the California Superior Court action

referred to in the next section. (See California Order, attached hereto as Exhibit A)

**D.    The California Superior Court Action**

20.    The Trustee initiated proceedings relative to the administration of the

Trust in the Marin County Superior Court. The action is styled, *In re the Verla K. Regnery*

*Irrevocable Living Trust dated December 15, 1987*, case number PR 080727 ( "California

Superior Court Action"). (Cmplt., par. 9)

21.    Frederick Regnery, through counsel of record, filed a general appearance

in the California Superior Court Action. (California Order, par. 1, attached hereto as Exhibit A)

22.    On May 12, 2008, the Marin County Superior Court entered an Order

Settling First Account and Report of Trustee and Confirming Trustee, (1) confirming Mr.

Wallerich's appointment as Trustee of the Trust on November 10, 2006, (2) approving the First

Account and Report of Trustee as filed, and (3) approving, confirming, and ratifying all acts and

transactions of the Trustee as set forth in the Account and Report and filed. (California Order,

attached hereto as Exhibit A; Notice of Entry of Order After Hearing, attached hereto as Exhibit

D) No appeal was taken from the Order and the Order is now final.

**E.    Interpleader Action**

23.     Prudential filed an interpleader complaint (the "Interpleader Complaint")

in the Northern District of Illinois on February 22, 2008 against Defendants Alvin Kiehl, Thomas

Wallerich, as Trustee of the Trust, Lynn Regnery, Gretchen Wallerich, and Frederick Regnery.

(Cmplt.) The gravamen of the Interpleader Complaint is a request that the Court determine the

appropriate beneficiary or beneficiaries of the proceeds under the Policy. (See Cmplt., par. 24;

Stein letter at 1, attached hereto as Ex. B; Regnery letter at 1, attached hereto as Ex. C)

24.     Prudential has stated that it claims no title to, or interest in, the life

insurance benefits payable under the Policy and is ready and willing to pay the proceeds to the

person or persons entitled to it, but currently is unable to make that determination without

exposing itself to double or multiple liability on account of the competing claims made by

Defendants Thomas Wallerich, Lynn Regnery, Gretchen Wallerich, on the one hand, and

Frederick Regnery on the other. (Cmplt., par 24; Stein letter at 1, attached hereto as Ex. B;

Regnery letter at 1, attached hereto as Ex. C)

25.     Pursuant to the Order of this Court, dated February 28, 2008, Prudential

paid over to the Clerk of this Court, (i) the sum of $3,099,699.18 on March 10, 2008,

representing the death benefit due under the Policy plus (ii) the post-death interest thereon through the date of the deposit, which funds are now being held in an interest-bearing account.

26.    Defendants Thomas Wallerich, Lynn Regnery and Gretchen Wallerich maintain that pursuant to Article IV of the Trust, the proceeds under the Policy should be paid to Mr. Wallerich as Trustee and distributed by Mr. Wallerich in equal shares to a Child's Trust for each of Lynn Regnery, Gretchen Wallerich, and Frederick Regnery, after payment and appropriate allocation of administration expenses, including tax preparation fees and attorney fees and expenses incurred in the California Superior Court Action and the Interpleader Action. (Stein letter at 1-2, attached hereto as Ex. B; Regnery letter at 1-2, attached hereto as Ex. C)

27.    By contrast, Frederick Regnery continues to dispute Mr. Wallerich's status as Trustee and has argued that the proceeds should not be paid to Mr. Wallerich, as Trustee, but rather, distributed by Prudential directly to the trustees of the respective Child's Trusts as ultimate beneficiaries. (Stein letter at 1, attached hereto as Ex. B; Regnery letter at 2, attached hereto as Ex. C)

28.    Defendants have served Frederick Regnery with two settlement demand letters, summarizing the legal and factual grounds for their position and proposing a negotiated resolution in an effort to resolve the issues short of filing a motion for summary judgment. (Stein letter, attached hereto as Ex. B; Regnery letter, attached hereto as Ex. C) Defendants' efforts have been unsuccessful.

Respectfully submitted,


By: s/Patricia M. Petrowski
One of Their Attorneys

James W. Hitzeman
Patricia M. Petrowski
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7152

Dated:  September 12, 2008

## CERTIFICATE OF SERVICE

Kathleen L. Holthaus, an attorney, hereby certifies that she caused a true and correct copy of the foregoing **Local Rule 56.1 Statement of Defendants Thomas Wallerich, Lynn Regnery, and Gretchen Wallerich in Support of Their Motion for Summary Judgment** to be served on those individuals listed below by first-class U.S. Mail delivery on this 12th day of September, 2008.

Mitchell K. Rovner
Morgan, Lewis & Bockius LLP
77 W. Wacker Drive, 5th Floor
Chicago, IL  60601

Steven M. Ruffalo
Fuchs & Roselli, Ltd.
440 West Randolph Street, Suite 500
Chicago, IL  60606

Respectfully submitted,

By: s/Kathleen L. Holthaus    __

# EXHIBIT A

ORIGINAL

1   PETER FLAXMAN, ESQ. [State Bar No. 45152]
    FLAXMAN & BLAKELY
2   591 Redwood Highway, Suite 2275
    Mill Valley, CA 94941
3   Telephone:  (415) 381-6650
    Facsimile:  (415) 381-4301
4
    Attorneys for THOMAS WALLERICH, Petitioner,
5   As Trustee of the Verla K. Regnery Irrevocable
    Trust dated December 15, 1987
6



FILED

MAY 1 2 2008

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: T. Fraguero, Deputy

7

THIS INSTRUMENT IS A CORRECT
COPY OF THE ORIGINAL ON FILE
IN THIS OFFICE

Attest:  **MAY 1 2 2008**

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: T. Fraguero, Deputy

8       SUPERIOR COURT OF CALIFORNIA

9                COUNTY OF MARIN

10

11  In re:                                  )   Case No.  PR 080727
                                            )
12      THE VERLA K. REGNERY                )   **ORDER SETTLING FIRST ACCOUNT**
        IRREVOCABLE TRUST                   )   **AND REPORT OF TRUSTEE AND**
13      dated December 15, 1987             )   **CONFIRMING TRUSTEE**
                                            )
14                                          )   **[Probate Code §§ 17200 & 1060-1064]**
                                            )
15                                          )   Date:    May 12, 2008
                                            )   Time:    9:00 a.m.
16                                          )   Room:    H
                                            )   Judge:   Verna Adams
17                                          )
                                            )
18                                          )
                                        ____|
19

20      The First Account and Report of Trustee and Petition For Its Settlement in the

21  above-captioned matter came on regularly for hearing on May 12, 2008, in Department

22  H of the above-entitled Court, Honorable Verna Adams, Presiding.  Petitioner THOMAS

23  WALLERICH appeared by his counsel, Peter Flaxman.  FREDERICK W. REGNERY,

24  by counsel Luce, Forward, Hamilton & Scripps, LLP, filed his general appearance

25  herein on or about April 11, 2008, but neither filed any objection nor appeared in

26  opposition to the First Account and Report of Trustee herein.

27      The Court having considered the Petition on First Account, etc. filed herein on

28  February 14, 2008, and good cause appearing therefor, finds and orders as follows

1          The Court, from proof made to the satisfaction of the court, finds as

2  follows:

3     A.    That on or about December 15, 1987, VERLA K. REGNERY adopted and

4  executed the VERLA K. REGNERY IRREVOCABLE TRUST (the "Trust");

5     B.    That ALVIN KIEHL was the original Trustee of the Trust; that on November

6  10, 2006, ALVIN KIEHL resigned as Trustee and appointed Petitioner THOMAS

7  WALLERICH to act as successor Trustee; that THOMAS WALLERICH accepted his

8  appointment as successor Trustee and has, at all times since November 10, 2006,

9  been, and continues to be, the Trustee of the Trust;

10     C.    That this Court has jurisdiction over the internal affairs of the Trust, the

11  Account, Report, and Petition herein, and over proceedings involving the Trust and

12  third persons, and that this Court has jurisdiction to hear the Account, Report and

13  Petition herein and to grant the relief sought therein under Probate Code §17200,

14  because the Petition deals with the internal affairs of the Trust;

15     D.    That this Court is the proper Court for hearing the Account, Report, and

16  Petition herein, as the principal place of administration of the Trust is in Marin County,

17  California;

18     E.    That Notice of the Time and Place of the Hearing on the Petition was given

19  as required by law;

20     F.    That the Account and Report covers the period from November 10, 2006

21  through December 31, 2007; and,

22     G.    All allegations of the Account, Report, and the Petition not specifically

23  included in the foregoing findings, are true and correct.

24     Having considered the Petition as filed, and for good cause therefor,

25

26

27

28

THE COURT HEREBY ORDERS AS FOLLOWS:

1. Petitioner THOMAS WALLERICH's appointment as Trustee on November 10, 2006, is hereby confirmed, and THOMAS WALLERICH is confirmed as the authorized and acting Trustee of the Trust;

2. The First Account and Report of Trustee is approved as filed.

3. All acts and transactions of Petitioner as set forth in the Account and Report, or relating to the matters set forth in it, are ratified, confirmed, and approved, and the Account and Report is settled and allowed as filed.

Dated: May 12, 2008

_____
JUDGE OF THE SUPERIOR COURT

WALLER3A/ORDER ON RPT 05 12 08

# EXHIBIT B



| | | |
|---|---|---|
| SIDLEY AUSTIN LLP | BEIJING | LOS ANGELES |
| ONE SOUTH DEARBORN | BRUSSELS | NEW YORK |
| CHICAGO, IL 60603 | CHICAGO | SAN FRANCISCO |
| (312) 853 7000 | DALLAS | SHANGHAI |
| (312) 853 7036 FAX | FRANKFURT | SINGAPORE |
| | GENEVA | SYDNEY |
| | HONG KONG | TOKYO |
| | LONDON | WASHINGTON, D.C. |

jhitzeman@sidley.com
(312) 853-2103

FOUNDED 1866

July 10, 2008

Lawrence A. Stein, Esq.
Huck Bouma P.C.
1755 S. Naperville Road
Suite 200
Wheaton, IL  60187-8144

Re:   The Prudential Insurance Company of America v. Alvin Kiehl, et al.

Dear Larry:

Pursuant to Magistrate Judge Morton Denlow's Standing Order Setting Settlement Conference, I am writing on behalf of Defendants Thomas Wallerich, as Successor Trustee ("Trustee") of the Verla K. Regnery Irrevocable Trust, dated December 15, 1987 (the "Trust"), Lynn Regnery, and Gretchen Wallerich. Although we understand that Huck Bouma currently has a Motion by Counsel for Defendant Regnery to Withdraw as Attorney pending before Judge Ruben Castillo, Huck Bouma is counsel of record for Mr. Regnery, and therefore, we are communicating our settlement proposal to you. However, because we are not aware of the status of your ongoing communications, if any, with Mr. Regnery, we are also copying him on this letter.

As you are aware, the ongoing dispute is the result of an Interpleader Complaint that The Prudential Insurance Company of America ("Prudential") filed in the Northern District of Illinois on February 22, 2008 against Defendants Thomas Wallerich, as Trustee of the Trust, Lynn Regnery, Gretchen Wallerich, and Frederick Regnery. The gravamen of the Interpleader Complaint is a request that the Court determine the appropriate beneficiary or beneficiaries of $3,099,699.18 in proceeds under a life insurance policy on the life of Verla K. Regnery (the "Policy"). Prudential has stated that it claims no title to, or interest in, the life insurance benefits payable under the Policy and is ready and willing to pay the proceeds to the person or persons entitled to it, but currently is unable to make that determination without exposing itself to double or multiple liability on account of the competing claims made by Defendants Thomas Wallerich, Lynn Regnery, Gretchen Wallerich, and Frederick Regnery. Specifically, Defendants Thomas Wallerich, Lynn Regnery, and Gretchen Wallerich maintain that pursuant to Article IV of the Trust, the proceeds under the Policy should be paid to Mr. Wallerich as Trustee and distributed by Mr. Wallerich in equal shares to a child's trust for each of Frederick Regnery, Lynn Regnery, and Gretchen Wallerich. By contrast, Defendant Frederick Regnery disputes Mr. Wallerich's status as Trustee and has argued that the proceeds should not be paid to Mr. Wallerich, as Trustee, but rather, distributed by Prudential to the beneficiaries.

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships



On June 4, 2008, Defendants filed Answers to the Interpleader Complaint. On June 12, 2008, Magistrate Judge Denlow entered an Order scheduling a settlement conference for July 23, 2008. Pursuant to Judge Denlow's Standing Order Setting Settlement Conference, Defendants are required to exchange settlement proposals prior to July 23, 2008 in hopes of reaching a negotiated resolution to this case. If settlement is not achieved, we will deliver copies of the settlement demands to Judge Denlow's chambers on July 18, 2008 and Defendants will participate in the settlement conference on July 23, 2008. It is my clients' sincere hope, however, that Defendants can negotiate a settlement prior to July 23rd, so that everyone can avoid the additional expense and delay that will be associated with litigating this matter.

Accordingly, in order to settle this matter, my clients would agree, subject to the following sentence, to a direct payment by Prudential of the Policy proceeds in accordance with Article IV of the Trust, which provides that the proceeds should be paid in equal shares to a child's trust (to be created and administered under the terms of the Trust) for each of Mr. Regnery, Ms. Regnery, and Ms. Wallerich. (Under the Trust, each child will be the trustee of his or her own child's trust.) The payment of the Policy proceeds contemplated in the preceding sentence would, however, be subject to the prior payment from such proceeds of fees and expenses incurred by Mr. Wallerich as trustee (including legal and accounting fees and expenses) up until the point in time that this litigation is concluded. In other words, Mr. Wallerich's legal fees and expenses, which to-date total approximately $60,000.00 (and are growing), would be paid from the Policy proceeds prior to any distribution to Mr. Regnery, Ms. Regnery, and Ms. Wallerich, so that in effect those fees and expenses would be borne pro rata by the beneficiaries of the Trust, after which the Policy proceeds would be distributed in accordance with the Trust. At this point, we estimate total legal fees will amount to approximately $90,000 – all of which we would expect to be covered by the proceeds prior to distribution to any of the beneficiaries -- although that number is just an estimate and may materially change. In addition, Mr. Regnery would be required to sign an approval of accounts and a release in favor of Mr. Wallerich, as Trustee of the Trust, as well as to obtain a taxpayer identification number for his child's trust, so that for income tax purposes the Trustee can properly report the distribution that would occur in accordance with the settlement. Needless to say, for the reasons set forth below, my clients believe this proposal is a very fair one.

First, regardless of whether Prudential pays the insurance proceeds to Mr. Wallerich, as Trustee, or directly to the beneficiaries of the Trust, the ultimate disposition of the proceeds is not in question.

Second, although your client may question Mr. Wallerich's status as Trustee, your client has suffered no damages whatsoever as a result of Mr. Wallerich's trusteeship. Nor does your client claim he has suffered any damages.



SIDLEY AUSTIN LLP

LAWRENCE A. STEIN, ESQ.
JULY 10, 2008
PAGE 3 | CHICAGO

Third, and perhaps even more important, as you are aware, the Superior Court of California in Marin County, which has jurisdiction over the affairs of the Trust, entered an Order on May 12, 2008 (1) confirming Mr. Wallerich's appointment as Trustee of the Trust on November 10, 2006, (2) approving the First Account and Report of Trustee as filed, and (3) approving, confirming, and ratifying all acts and transactions of the Trustee as set forth in the Account and Report as filed. Should the interpleader action be litigated, we believe that the Illinois Court will give full faith and credit to the Order of the Superior Court of California, which in effect, would result in a determination in our favor.

Fourth, although Ms. Regnery and Ms. Wallerich would agree to share the costs of Mr. Wallerich's legal fees and expenses with your client under our current settlement proposal, should Mr. Regnery refuse to settle this matter at this time, Ms. Regnery and Ms. Wallerich reserve all rights to seek in the Superior Court of California allocation of all legal fees and expenses incurred by Mr. Wallerich as the Trustee (less approximately $5,000 for basic administration costs) to the share of the Policy proceeds distributable in trust for the benefit of Mr. Regnery.

Finally, a settlement is in everyone's favor and would avoid additional legal fees and costs that would undoubtedly be incurred by everyone going forward.

For all of these reasons, we urge you to consider our proposal and ask that either you or Mr. Regnery contact us as soon as possible to begin discussions, if Mr. Regnery is serious about reaching a settlement in this case.

Sincerely,

James W. Hitzeman

JWH/sat

cc:    Frederick Regnery
       Patricia M. Petrowski

# EXHIBIT C



| | | |
|---|---|---|
| SIDLEY AUSTIN LLP | BEIJING | LOS ANGELES |
| ONE SOUTH DEARBORN | BRUSSELS | NEW YORK |
| CHICAGO, IL 60603 | CHICAGO | SAN FRANCISCO |
| (312) 853 7000 | DALLAS | SHANGHAI |
| (312) 853 7036 FAX | FRANKFURT | SINGAPORE |
| | GENEVA | SYDNEY |
| | HONG KONG | TOKYO |
| | LONDON | WASHINGTON, D.C. |

jhitzeman@sidley.com
(312) 853-2103                                       FOUNDED 1866

August 11, 2008

Frederick W. Regnery
427 Monticello Avenue
Westmont, IL 60559

Re:    The Prudential Insurance Company of America v. Alvin Kiehl, et al.

Dear Mr. Regnery:

Pursuant to Magistrate Judge Morton Denlow's Standing Order Setting Settlement Conference, I am writing on behalf of Defendants Thomas Wallerich, as Successor Trustee ("Trustee") of the Verla K. Regnery Irrevocable Trust, dated December 15, 1987 (the "Trust"), Lynn Regnery, and Gretchen Wallerich. We are communicating with you directly, because we believe that you currently are not represented by counsel. If this is incorrect, please ask your attorney to contact us as soon as possible.

The primary purpose of this letter is to renew our settlement demand in advance of the August 19, 2008 settlement conference and to provide you with a brief explanation of why such a settlement is appropriate. As you are aware, we initially sent you our settlement demand on July 10, 2008 because the settlement conference was scheduled for July 23, 2008. Our current demand is identical to our initial demand. This letter also serves to satisfy Judge Castillo's case management procedures prior to filing a motion for summary judgment, which we intend to do should it appear that settlement is unlikely.

As we have previously explained, the ongoing dispute is the result of an Interpleader Complaint that The Prudential Insurance Company of America ("Prudential") filed in the Northern District of Illinois on February 22, 2008 against Defendants Thomas Wallerich, as Trustee of the Trust, Lynn Regnery, Gretchen Wallerich, and you. The gravamen of the Interpleader Complaint is a request that the Court determine the appropriate beneficiary or beneficiaries of $3,099,699.18 in proceeds under a life insurance policy on the life of Verla K. Regnery (the "Policy"). Prudential has stated that it claims no title to, or interest in, the life insurance benefits payable under the Policy and is ready and willing to pay the proceeds to the person or persons entitled to it, but currently is unable to make that determination without exposing itself to double or multiple liability on account of the competing claims made by Defendants Thomas Wallerich, Lynn Regnery, Gretchen Wallerich, and you. Specifically, Defendants Thomas Wallerich, Lynn Regnery, and Gretchen Wallerich maintain that pursuant to Article IV of the Trust, the proceeds under the Policy should be paid to Mr. Wallerich as Trustee and distributed by Mr. Wallerich in equal shares to a child's trust for each of you, Lynn Regnery,



and Gretchen Wallerich. By contrast, you dispute Mr. Wallerich's status as Trustee and have argued that the proceeds should not be paid to Mr. Wallerich, as Trustee, but rather, distributed by Prudential to the beneficiaries.

On June 4, 2008, Defendants filed Answers to the Interpleader Complaint. On June 12, 2008, Magistrate Judge Denlow entered an Order scheduling a settlement conference for July 23, 2008. On July 17, 2008, Judge Denlow entered an Order rescheduling the settlement conference for August 19, 2008 in order to accommodate your efforts to obtain new counsel. Although we believe that we complied with Judge Denlow's Standing Order Setting Settlement Conference when we sent you our initial demand on July 10, 2008, we were hopeful that we could jumpstart negotiations if we renewed our demand now. Please be advised that if settlement is not achieved, we will deliver copies of our clients' settlement demands to Judge Denlow's chambers on August 14, 2008 (along with your response to our initial demand) and Defendants will participate in the settlement conference on August 19, 2008. It is my clients' sincere hope, however, that Defendants can negotiate a settlement prior to August 19th so that everyone can avoid the additional expense and delay that will be associated with litigating this matter.

Accordingly, in order to settle this matter, my clients would agree, subject to the following sentence, to a direct payment by Prudential of the Policy proceeds in accordance with Article IV of the Trust, which provides that the proceeds should be paid in equal shares to a child's trust (to be created and administered under the terms of the Trust) for each of you, Ms. Regnery, and Ms. Wallerich. (Under the Trust, each child will be the trustee of his or her own child's trust.) The payment of the Policy proceeds contemplated in the preceding sentence would, however, be subject to the prior payment from such proceeds of fees and expenses incurred by Mr. Wallerich as trustee (including legal and accounting fees and expenses) up until the point in time that this litigation is concluded. In other words, Mr. Wallerich's legal fees and expenses, which to date total approximately $70,000 (and are growing), would be paid from the Policy proceeds prior to any distribution to you, Ms. Regnery, and Ms. Wallerich, so that in effect those fees and expenses would be borne pro rata by the beneficiaries of the Trust, after which the Policy proceeds would be distributed in accordance with the Trust. At this point, we estimate total legal fees of our clients will amount to approximately $100,000 – all of which we would expect to be paid from the insurance proceeds prior to distribution to any of the beneficiaries – although that number is just an estimate and may materially change. In addition, you would be required to sign an approval of accounts and a release in favor of Mr. Wallerich, as Trustee of the Trust, as well as to obtain a taxpayer identification number for his child's trust, so that for income tax purposes the Trustee can properly report the distribution that would occur in accordance with the settlement. Needless to say, for the reasons set forth below, my clients believe this proposal is a very fair one.

First, regardless of whether Prudential pays the insurance proceeds to Mr. Wallerich, as Trustee, or directly to the beneficiaries of the Trust, the ultimate disposition of the proceeds is not in question.



**SIDLEY**
SIDLEY AUSTIN LLP

Second, although you may question Mr. Wallerich's status as Trustee, you have suffered no damages whatsoever as a result of Mr. Wallerich's trusteeship and have made no claim to have suffered any damages.

Third, and perhaps even more important, as you are aware, the Superior Court of California in Marin County, which has jurisdiction over the affairs of the Trust, entered an Order on May 12, 2008 (1) confirming Mr. Wallerich's appointment as Trustee of the Trust on November 10, 2006, (2) approving the First Account and Report of Trustee as filed, and (3) approving, confirming, and ratifying all acts and transactions of the Trustee as set forth in the Account and Report as filed. Should it appear that negotiations between the parties will not be successful, please be advised that we intend to file a motion for summary judgment on the grounds of collateral estoppel. We are confident that the Illinois Court will give full faith and credit to the Order of the Superior Court of California, which in effect, would result in a determination in our favor.

To qualify for the full faith and credit provided under 28 U.S.C. § 1738, state proceedings "need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause." *See Krember v. Chemical Construction Corporation,* 456 U.S. 461, 481, 102 S. Ct. 1883, 1897 (1982). Here, you were given notice of the time and place for the hearing of the Petition for Settlement of First Account and Report of Trustee and Confirming Trustee in the California Superior Court action, and you did file a general appearance in the proceedings. Accordingly, you were given the opportunity to raise your arguments before the California court. Moreover, you also had 60 days after the May 12, 2008 Order was entered, or until July 14, 2008, to appeal the Order, which you failed to do. For all of these reasons, the California proceeding easily satisfied the minimum due process requirements to which you were entitled.

Moreover, 28 U.S.C. § 1783 provides that the authenticated judicial proceedings of any state "shall have the same full faith and credit in every court within the United States...as they have by law or usage in the courts of such state...from which they are taken." Section 1738 requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the state from which the judgments were entered. *See Krember v. Chemical Construction Corporation,* 456 U.S. 461, 102 S. Ct. 1883, 1889 (1982). It is indisputable that California courts would give preclusive effect to the May 12, 2008 Order. Indeed, it is well-established in California that collateral estoppel precludes relitigation of issues argued and decided in prior proceedings. *See Teitelbaum Furs, Inc. v. Dominion Ins. Co., Ltd.,* 58 Cal. 2d 601, 604 (1962). The doctrine is applied if several threshold requirements are fulfilled. First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding. *See Lucido v. Superior Court,* 51 Cal.3d 335, 341, 272 Cal.Rptr. 767 (1990). Applying these factors to the instant action leads to the inescapable conclusion that the issues in the interpleader action were argued and decided in the California proceedings that resulted in the May 12, 2008 Order.



To begin, the threshold issue in the interpleader action – whether Mr. Wallerich is the trustee of the Trust to whom the Policy proceeds should be paid – is identical to the issue decided in the California action. The issue was actually litigated in the California proceeding. Indeed, Mr. Wallerich as Trustee filed a Petition To Confirm Trustee and each of the beneficiaries of the Trust, including you, were given an opportunity to object to Mr. Wallerich's status as trustee, but none of them, including you, did so. The California court did not merely enter a default judgment in favor of Mr. Wallerich without actively making a decision, but rather considered the issues before it and affirmatively ordered that "Thomas Wallerich's appointment as Trustee on November 12, 2006, is hereby confirmed, and Thomas Wallerich is confirmed as the authorized and acting Trustee of the Trust." Moreover, the decision in the California action was final and on the merits. Each of the beneficiaries had 60 days from entry of the judgment to appeal the decision, but again no one – including you – did so. Finally, the party against whom preclusion is sought – you – were one of the parties to the California proceeding as beneficiary to the Trust. For all of these reasons, we believe that a motion for summary judgment on the grounds of collateral estoppel will be successful.

Fourth, although Ms. Regnery and Ms. Wallerich would agree to share the costs of Mr. Wallerich's legal fees and expenses with your client under our current settlement proposal, should you refuse to settle this matter at this time, Ms. Regnery and Ms. Wallerich reserve all rights to seek in the Superior Court of California allocation of all legal fees and expenses incurred by Mr. Wallerich as the Trustee (less approximately $5,000 for basic administration costs) to the share of the Policy proceeds distributable in trust for your benefit.

Finally, a settlement is in everyone's favor and would avoid additional legal fees and costs that would undoubtedly be incurred by everyone going forward.

For all of these reasons, we urge you to consider our proposal and ask that you contact us as soon as possible to begin discussions if you are serious about reaching a settlement in this case. As set forth above, if settlement seems unlikely prior to the August 19th settlement conference, please be advised that Defendants Thomas Wallerich, Lynn Regnery, and Gretchen Wallerich intend to file a motion for summary judgment. The motion will assume that the parties have not been able to reach a settlement and will be noticed up immediately following the settlement conference. Our clients are anxious to see this matter resolved whether it be through settlement or a contested hearing.

Sincerely,


James W. Hitzeman

JWH/sat

cc:    Patricia M. Petrowski

# EXHIBIT D

1  PETER FLAXMAN, ESQ. [State Bar No. 45152]
   FLAXMAN & BLAKELY
2  591 Redwood Highway, Suite 2275
   Mill Valley, CA 94941
3  Telephone:  (415) 381-6650
   Facsimile:  (415) 381-4301
4
   Attorneys for THOMAS WALLERICH, Petitioner,
5  As Trustee of the Verla K. Regnery Irrevocable
   Trust dated December 15, 1987
6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                         COUNTY OF MARIN

10

11  In re:                              )   Case No. PR 080727
                                        )
12       THE VERLA K. REGNERY           )
         IRREVOCABLE TRUST              )
13       dated December 15, 1987        )
                                        )   **NOTICE OF ENTRY OF ORDER**
14                                      )   **AFTER HEARING**
                                        )
15  _____)

16

17       TO:   All interested parties in this action:

18       PLEASE TAKE NOTICE that on May 12, 2008, the **Order Settling First**

19  **Account and Report of Trustee and Confirming Trustee** was filed and entered in the

20  Court's record.  A true and correct copy of said Order is attached hereto as Exhibit A.

21  Dated: May 13, 2008              FLAXMAN & BLAKELY

22

23

24                                   PETER FLAXMAN
                                     Attorneys for Thomas R. Wallerich,
25                                   Trustee

26

27

28

1

## PROOF OF SERVICE BY MAIL
### [C.C.P. § 1013a(1)]

2

I, Penelope A. Dufficy, declare as follows:

3

I am over the age of eighteen years and not a party to this action.  My business

4

address is 591 Redwood Highway, Suite 2275, Mill Valley, California, which is in the

5

county where the mailing described below took place.

6

On May 13, 2008, I deposited in the mail at my place of business at 591

7

Redwood Highway, Suite 2275, Mill Valley, California, a copy of the following

8

document:  **Notice of Entry of Order After Hearing**, in a sealed envelope, with

9

postage thereon fully prepaid, in the United States mail, addressed to:

10

    Lynn Regnery, Trustee
    The Lynn Regnery Child's Trust

11

    P. O. Box 386
    Castle Hayne, NC 28429

12

13

    Gretchen Wallerich, Trustee
    The Gretchen Wallerich Child's Trust
    125 Oakdale Avenue

14

    Mill Valley, CA 94941

15

    Frederick W. Regnery, Trustee
    The Frederick W. Regnery Child's Trust

16

    427 Monticello
    Westmont, IL 60559

17

18

I declare under penalty of perjury under the laws of the State of California that

19

the foregoing is true and correct, and that this declaration was executed on May 13,

20

2008, at Mill Valley, California.

21

                              *Penelope A. Dufficy*

22

                              Penelope A. Dufficy

23

24

25

26

27

28

NOTICE OF ENTRY OF ORDER AFTER HEARING - PAGE 2

EXHIBIT "A"



FILED

MAY 1 2 2008

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By T. Frazier, Deputy

1   PETER FLAXMAN, ESQ. [State Bar No. 45152]
    FLAXMAN & BLAKELY
2   591 Redwood Highway, Suite 2275
    Mill Valley, CA 94941
3   Telephone: (415) 381-6650
    Facsimile:  (415) 381-4301
4
    Attorneys for THOMAS WALLERICH, Petitioner,
5   As Trustee of the Verla K. Regnery Irrevocable
    Trust dated December 15, 1987
6

7

8                   SUPERIOR COURT OF CALIFORNIA

9                        COUNTY OF MARIN

10

11  In re:                          ) Case No.  PR 080727
                                    )
12     THE VERLA K. REGNERY         ) ORDER SETTLING FIRST ACCOUNT
       IRREVOCABLE TRUST            ) AND REPORT OF TRUSTEE AND
13     dated December 15, 1987      ) CONFIRMING TRUSTEE
                                    )
14                                  ) [Probate Code §§ 17200 & 1060-1064]
                                    )
15                                  ) Date:   May 12, 2008
                                    ) Time:   9:00 a.m.
16                                  ) Room:   H
                                    ) Judge:  Verna Adams
17                                  )
                                    )
18                                  )

19

20       The First Account and Report of Trustee and Petition For Its Settlement in the

21  above-captioned matter came on regularly for hearing on May 12, 2008, in Department

22  H of the above-entitled Court, Honorable Verna Adams, Presiding.  Petitioner THOMAS

23  WALLERICH appeared by his counsel, Peter Flaxman.  FREDERICK W. REGNERY,

24  by counsel Luce, Forward, Hamilton & Scripps, LLP, filed his general appearance

25  herein on or about April 11, 2008, but neither filed any objection nor appeared in

26  opposition to the First Account and Report of Trustee herein.

27       The Court having considered the Petition on First Account, etc. filed herein on

28  February 14, 2008, and good cause appearing therefor, finds and orders as follows

1           The Court, from proof made to the satisfaction of the court, finds as
2 follows:

3       A.    That on or about December 15, 1987, VERLA K. REGNERY adopted and
4 executed the VERLA K. REGNERY IRREVOCABLE TRUST (the "Trust");

5       B.    That ALVIN KIEHL was the original Trustee of the Trust; that on November
6 10, 2006, ALVIN KIEHL resigned as Trustee and appointed Petitioner THOMAS
7 WALLERICH to act as successor Trustee; that THOMAS WALLERICH accepted his
8 appointment as successor Trustee and has, at all times since November 10, 2006,
9 been, and continues to be, the Trustee of the Trust;

10       C.    That this Court has jurisdiction over the internal affairs of the Trust, the
11 Account, Report, and Petition herein, and over proceedings involving the Trust and
12 third persons, and that this Court has jurisdiction to hear the Account, Report and
13 Petition herein and to grant the relief sought therein under Probate Code §17200,
14 because the Petition deals with the internal affairs of the Trust;

15       D.    That this Court is the proper Court for hearing the Account, Report, and
16 Petition herein, as the principal place of administration of the Trust is in Marin County,
17 California;

18       E.    That Notice of the Time and Place of the Hearing on the Petition was given
19 as required by law;

20       F.    That the Account and Report covers the period from November 10, 2006
21 through December 31, 2007; and,

22       G.    All allegations of the Account, Report, and the Petition not specifically
23 included in the foregoing findings, are true and correct.

24           Having considered the Petition as filed, and for good cause therefor,

25

26

27

28

1    THE COURT HEREBY ORDERS AS FOLLOWS:

2    1.    Petitioner THOMAS WALLERICH's appointment as Trustee on November

3    10, 2006, is hereby confirmed, and THOMAS WALLERICH is confirmed as the

4    authorized and acting Trustee of the Trust;

5    2.    The First Account and Report of Trustee is approved as filed.

6    3.    All acts and transactions of Petitioner as set forth in the Account and

7    Report, or relating to the matters set forth in it, are ratified, confirmed, and approved,

8    and the Account and Report is settled and allowed as filed.

9    Dated: May 12, 2008

11                        VERNA ADAMS

                          JUDGE OF THE SUPERIOR COURT

16    WALLER3A/ORDER ON RPT 05 12 08